## STATE v. JONES
No. 80-3039-B

Circuit Court, Dade County

May 1, 1980

William Frates, James McGuirk, and Edward Carhart, for defendant.

George DePoszgay and William Ritchie, Assistant State Attorneys, for the State.

THOMAS E. SCOTT, Circuit Judge.

This cause came to be heard upon a request by the State, after verdict has been returned, that an order be entered forbidding trial jurors from discussing this case with members of the press or the public. The Court, after notice to the newsmedia, held a hearing in order to consider the request.

News gathering is an activity protected by the First Amendment, *Branzburg v. Hayes,* 408 U.S. 665, 681 (1972); *In re Adoption of Proposed Local Rule 17,* 339 So.2d 181 (Fla. 1976). The order sought

by the State restrains the press in its attempt to gather the news. *United States v. Sherman,* 581 F.2d 1358 (9th Cir. 1978). The Order sought would also have the effect of restraining exercise of jurors' rights of speech. As a restraint sought prior to any attempt to contact jurors, there is a heavy presumption against such an Order. *Nebraska Press Association v. Stuart,* 427 U.S. 539 (1976). *Bantam Books v. Sullivan,* 372 U.S. 58 (1973).

In order to justify such an Order, the government must show that the activity restrained poses a clear and present danger to the administration of justice; that the restraint is narrowly drawn; and that no reasonable alternatives having a lesser impact on First Amendment freedoms are available. *United States v. Sherman, supra* at 1361. *See also State ex rel Miami Herald Publishing Company v. McIntosh,* 340 So.2d 904 (Fla. 1976); *Miami Herald v. State,* 363 So.2d 603 (Fla. 4th DCA 1978). In this instance there has been no showing that this heavy burden can be met.

Since the trial has been concluded, there is no possibility that allowing the jurors to speak to newsmen would deprive the defendant of a fair trial. Alternative trial management techniques are available to protect the rights of any persons facing future trial on similar or related charges.

Nothing in this order should be construed as requiring jurors to speak to the media or anyone else. A juror may speak or remain silent as he or she desires.

It is therefore,

ORDERED AND ADJUDGED that the State's motion for entry of an Order forbidding the jurors in this cause to discuss the case with the press and public is hereby denied.